The STATE of Ohio, Appellant,

v.

JOHNSON, Appellee.

[Cite as *State v. Johnson* (1989), 63 Ohio App.3d 345.]

Court of Appeals of Ohio,
Lorain County.

No. 88CA004460.

Decided June 21, 1989.

*Gregory A. White,* Prosecuting Attorney, for appellant.

*James Walther,* for appellee.

REECE, Judge.

At approximately 3:30 a.m. on May 30, 1988, Officers Brillon and Cambarare of the Lorain Police Department were dispatched to investigate a complaint of an intoxicated male creating a disturbance on 9th Street. After being unable to locate the person, both officers decided to check the area.

While checking the area, Brillon observed an occupied vehicle (Pontiac) parked on 16th Street. Brillon pulled up behind the Pontiac and observed the appellant, Michael Anthony Johnson, standing next to another vehicle (Cadillac) in a small parking lot approximately twenty to forty feet from the Pontiac. Brillon exited his cruiser and observed Johnson place something under a coat on top of the Cadillac, then walk toward the Pontiac.

Brillon ordered the two men out of the Pontiac and had Johnson join them, having all of them lean against the front of the Pontiac. Cambarare arrived and conducted a pat down of all three individuals. Brillon then made a check of a nearby auto body shop and numerous cars parked between the body shop and an adjacent apartment building. Brillon went to the Cadillac and picked up the coat which was on the top of the vehicle. Brillon observed a small package of multi-colored paper, some green vegetable matter and cigarette papers wrapped in foil. Upon opening up the multi-colored package, Brillon observed a white powdery substance that he suspected was cocaine. Johnson was placed under arrest.

Subsequently, Johnson was indicted for drug abuse, R.C. 2925.11(A), and permitting drug abuse, R.C. 2925.13(A). Prior to trial, Johnson filed a motion to suppress the evidence. After an evidentiary hearing, the trial court granted the motion. The state appealed pursuant to Crim.R. 12(J) and R.C. 2945.67(A).

## Assignments of Error

"I. The trial court committed prejudicial error in holding that an individual wrongfully upon a premises has a legitimate expectation of privacy; a trespasser has no legitimate expectation of privacy upon the trespassed

premises and therefore lacks standing to challenge the seizure and search evidence obtained therefrom.

"II. The trial court committed prejudicial error in holding that seizure of contraband drugs from the exposed rooftop of defendant's auto was an unreasonable seizure and search.

"III. The trial court committed prejudicial error in holding that seizure of contraband drugs from the exposed rooftop of defendant's auto, while wrongfully parked on private property in area accessible to the public was an unreasonable search; defendant lacked 'reasonable expectation of privacy' for the rooftop of his auto, parked under such circumstances."

The state contends that Johnson is without standing to contest the search of articles found on the top of his vehicle. The state initially asserts that Johnson was a trespasser and thus not entitled to protection under the Fourth Amendment. In defining the scope of Fourth Amendment interests, the Supreme Court has repeatedly held " * * * that arcane distinctions developed in property and tort law between guests, licensees, invitees, and the like, ought not to control." *Rakas v. Illinois* (1978), 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387, 401; accord, *United States v. Salvucci* (1980), 448 U.S. 83, 91, 100 S.Ct. 2547, 2552–2553, 65 L.Ed.2d 619, 627–628; *Jones v. United States* (1960), 362 U.S. 257, 266, 80 S.Ct. 725, 733, 4 L.Ed.2d 697, 705.

In *Jones, supra,* the Supreme Court held, in the alternative, that (1) one who is accused of the criminal possession of narcotics has "automatic standing" to raise the question of an illegal search and seizure; and (2) anyone who is legitimately on the premises where a search occurs may challenge its validity by way of a motion to suppress, when the fruits of that search are proposed to be used against him. 362 U.S. at 263–265, 80 S.Ct. at 732–733, 4 L.Ed.2d at 703–705.

The second aspect of *Jones* was repudiated in *Rakas* and replaced with the test of whether the defendant seeking to challenge the legality of the search and seizure "had a legitimate expectation of privacy in the premises." 439 U.S. at 143, 99 S.Ct. at 430, 58 L.Ed.2d at 401.

The "automatic standing" aspect of *Jones* was expressly overruled in *United States v. Salvucci, supra.* Instead, the court stated:

" * * * we must instead engage in a 'conscientious effort to apply the Fourth Amendment' by asking not merely whether the defendant had a possessory interest in the items seized, but whether he had an expectation of privacy in the area searched." 448 U.S. at 93, 100 S.Ct. at 2553, 65 L.Ed.2d at 629.

Moreover, "[w]hile property ownership is clearly a factor to be considered in determining whether an individual's Fourth Amendment rights have been violated * * *, property rights are neither the beginning nor the end of this Court's inquiry." (Citations omitted.) *Salvucci*, 448 U.S. at 91, 100 S.Ct. at 2553, 65 L.Ed.2d at 628. Accordingly, possession of seized goods is not a "substitute for a factual finding that the owner of the good[s] had a legitimate expectation of privacy in the area searched." *Id.* at 92, 100 S.Ct. at 2553, 65 L.Ed.2d at 628.

■ The issue thus becomes whether, under the facts in this case, Johnson had a legitimate expectation of privacy in these articles located on the top of his vehicle. Johnson's vehicle was parked in an area next to the apartment of his girlfriend. Part of this area was a designated parking lot for the apartment, while the remaining area was part of the adjacent business. The area was visible from the street and therefore was open to public view.

When Johnson saw the police, he placed something underneath his jacket, which was on top of his vehicle, and walked toward the street. The vehicle was twenty to forty feet from the street. It was 3:30 a.m., and there was evidence that in the immediate area there had previously been a problem of shoplifting at the Dairy Mart.

Brillon was an experienced police officer with ten years on the force. When Brillon approached the Pontiac, he saw Johnson make a furtive move and place something under his jacket. Under the guidelines found in *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, 44 O.O.2d 383, Brillon's actions were reasonable in picking up the jacket to search for possible weapons. Upon seeing the items which were under the jacket—the multicolored package, green vegetable matter and cigarette papers in a piece of foil—Brillon reasonably suspected that these items were contraband.

■ In order to challenge a search or seizure on Fourth Amendment grounds, a defendant must possess a legitimate expectation of privacy in the area searched, and the burden is upon the defendant to prove facts sufficient to establish such an expectation. *Salvucci, supra; Rakas, supra.* Whether a person "took normal precautions to maintain his privacy" in a given space helps determine whether his interest is one protected by the Fourth Amendment. *Rawlings v. Kentucky* (1980), 448 U.S. 98, 105, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633, 642.

■ A person possesses a lesser expectation of privacy in his vehicle than in his home. *United States v. Chadwick* (1977), 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538. Moreover, a person possesses a lesser expectation of privacy outside his vehicle than in his vehicle. Accordingly, under the totality of the

circumstances of this case, Johnson failed to demonstrate a legitimate expectation of privacy in the contraband that was located in the area searched, and therefore has not established his right to challenge the reasonableness of the search.

Appellant's assignments of error are well taken. For the foregoing reasons, the suppression order of the trial court is reversed and this case is remanded to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

QUILLIN, J., concurs.

MAHONEY, P.J., concurs in judgment only.