[Cite as *State v. Hoang*, 2012-Ohio-3741.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

KHUONG V. HOANG

    Appellant

C.A. No.    11CA0013-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    06-CR-0365

DECISION AND JOURNAL ENTRY

Dated: August 20, 2012

---

CARR, Judge.

{¶1}    Appellant, Khuong Hoang, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

{¶2}    On June 23, 2006, Hoang was indicted on one count of possession of marijuana in violation of R.C. 2925.11(A)(C)(3)(f), a felony of the second degree, and four forfeiture specifications in violation of R.C. 2925.42(A)(1). On August 17, 2006, a supplemental indictment was filed, charging Hoang with one count of conspiracy to commit possession of marijuana in violation of R.C. 2923.01(A)(1) and 2925.11(A)(C)(3)(f), a felony of the third degree; one count of conspiracy to commit possession of marijuana in violation of R.C. 2923.01(A)(2) and 2925.11(A)(C)(3)(f), a felony of the third degree; one count of complicity to commit possession of marijuana in violation of R.C. 2923.03(A)(2) and 2925.11(A)(C)(3)(f), a felony of the second degree; one count of illegal cultivation of marijuana in violation of R.C.

2925.04(A)(C)(5)(f), a felony of the second degree; one count of conspiracy to commit illegal cultivation of marijuana in violation of R.C. 2923.01(A)(1) and 2925.04(A)(C)(5)(f), a felony of the third degree; one count of conspiracy to commit illegal cultivation of marijuana in violation of R.C. 2923.01(A)(2) and 2925.04(A)(C)(5)(f), a felony of the third degree; and one count of complicity to commit illegal cultivation of marijuana in violation of R.C. 2923.03(A)(2) and 2925.04(A)(C)(3)(f), a felony of the second degree. Each supplemental count contained a forfeiture specification.

{¶3} Hoang filed numerous motions over the course of many months. The matter was ultimately tried to a jury who found Hoang guilty of all counts and found all identified property items subject to forfeiture. At sentencing, the State elected that Hoang be sentenced on counts I, VI, and VII only. The trial court imposed an aggregate sentence of thirteen years in prison. Hoang appealed and this Court remanded the matter for resentencing. *State v. Hoang*, 9th Dist. No. 07CA0107-M, 2009-Ohio-2945. The trial court resentenced Hoang and he again appealed. This Court dismissed his second appeal for lack of a final, appealable order. The trial court issued a final judgment of conviction and sentence and Hoang filed the instant appeal in which he raises eight assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN FAILING TO GRANT KHUONG HOANG'S MOTION TO DISMISS FOR VIOLATION OF RIGHTS TO SPEEDY TRIAL.

{¶4} Hoang argues that the trial court erred by denying his motion to dismiss for a violation of his right to a speedy trial. This Court disagrees.

{¶5} "When reviewing an appellant's claim that he was denied his right to a speedy trial, this Court applies the de novo standard of review to questions of law and the clearly

erroneous standard of review to questions of fact." *State v. Downing*, 9th Dist. No. 22012, 2004-Ohio-5952, ¶ 36; *State v. Hamlet*, 9th Dist. No. 04CA008527, 2005-Ohio-3110, ¶ 15.

{¶6} The right to a speedy trial by the State is guaranteed to a criminal defendant by the Sixth and Fourteenth Amendments to the United States Constitution. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223 (1967). The same right is conferred to a criminal defendant by Section 10, Article I, Ohio Constitution. *State v. O'Brien*, 34 Ohio St.3d 7, 8 (1987). A criminal defendant may waive his right to a speedy trial if it is knowingly, voluntarily and intelligently made. *State v. Adams*, 43 Ohio St.3d 67, 69 (1989). The waiver must also be expressed in writing or made in open court on the record. *State v. King*, 70 Ohio St.3d 158 (1994), syllabus.

{¶7} R.C. 2945.71 et seq. is an enforcement mechanism to make sure the constitutional right to a speedy trial is upheld. *State v. Pachay*, 64 Ohio St.2d 218 (1980), syllabus. R.C. 2945.71 dictates the time limits in which a defendant must be brought to trial. R.C. 2945.71(C)(2) provides that "[a] person against whom a charge of felony is pending *** [s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(E) addresses the computation of time and provides that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." Time is calculated to run the day after the date of arrest. *State v. Friedhof*, 9th Dist. No. 2505-M, 1996 WL 385612 (July 10, 1996), citing *State v. Steiner*, 71 Ohio App.3d 249, 250-251 (9th Dist.1991). *See also* Crim.R. 45(A).

{¶8} Pursuant to R.C. 2945.73, if a defendant is not brought to trial within the prescribed time period, the trial court must discharge the defendant upon motion for dismissal prior to or at the commencement of trial. R.C. 2945.73(B). However, the time within which a defendant must be brought to trial can be tolled.

{¶9} R.C. 2945.72(H) provides that the statutorily prescribed time for a speedy trial may be lengthened by any period of continuance granted on the accused's own motion, or by any reasonable period granted other than on the accused's motion. *See also Hamlet* at ¶ 18. In addition, this Court has held that the time in which a trial court is required to bring a criminal defendant to trial is effectively extended, or tolled, when the defendant files a motion to dismiss until the time when the trial court denies the motion. *State v. Hughes*, 9th Dist. No. 02CA008206, 2003-Ohio-5045, ¶ 15, citing *State v. Bickerstaff*, 10 Ohio St.3d 62, 67 (1984).

{¶10} Furthermore, this Court has held that "a motion to suppress tolls the speedy trial clock from the time the defendant files the motion until the trial court disposes of the motion, as long as the trial court's disposition occurs within a reasonable time." *State v. Kolvek*, 9th Dist. No. 21808, 2004-Ohio-2515, ¶ 7, citing *State v. Arrizola*, 79 Ohio App.3d 72, 76 (3d Dist.1992). Additionally, R.C. 2945.72(E) provides that the statutorily prescribed time for a speedy trial may be lengthened by "[a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused." The Ohio Supreme Court has held that "a demand for discovery [by the defendant] or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, ¶ 26.

{¶11} In this case, Hoang was arrested on June 15, 2006, and remained in jail until the commencement of trial on July 16, 2007. He was, therefore, entitled to the triple-count provision in R.C. 2945.71(E), and the State was required to bring him to trial within 90 days absent any tolling events. Hoang admits, however, that he filed "several" motions which tolled the speedy trial clock for a reasonable period of time. In fact, the record demonstrates that Hoang filed numerous motions, as well as other documents which tolled time. For example, on July 25, 2006, he filed a "motion of two branches" which included a motion to suppress. On July 27,

2006, he filed a motion for an extension of time in which to file additional motions to suppress due, in part, to the complex nature of the case. It was not until April 27 and 30, 2007, that Hoang filed four additional separate motions to suppress. Moreover, the trial court scheduled multiple hearings on various pretrial matters, many of which were continued at Hoang's request. For example, even though the trial court issued an order on August 30, 2006, scheduling a hearing on Hoang's initial motion to suppress, Hoang filed a notice of impairment due to his lack of proficiency in English which necessitated significant delay in proceeding on any pending motions.

{¶12} Hoang failed to identify with any specificity the dates he filed any motions or when the trial court ruled on them. He, therefore, failed to clarify when the time tolled for purposes of speedy trial recommenced. Although he appended a speedy trial calculation chart as an exhibit to his appellate brief, this Court struck that exhibit as noncompliant with our local rules. Accordingly, that information is not before us for consideration. Hoang otherwise failed to cite to the record in support of this assignment of error as required by App.R. 16(A)(7). Moreover, although he argues that 21 days constitutes a reasonable amount of time for a trial court's ruling on any motion for purposes of tolling speedy trial time, he cites no authority for such a rule. *Id.* We have frequently recognized that "an appellant's assignment of error provides this Court with a roadmap to guide our review." *Akron v. Johnson*, 9th Dist. No. 26047, 2012-Ohio-1387, ¶ 3, quoting *Taylor v. Hamlin-Scanlon*, 9th Dist. No. 23873, 2008-Ohio-1912, ¶ 12, citing App.R. 16(A). We decline to chart our own course when, as in this case, the appellant has failed to provide any guidance. App.R. 12(A)(2); *see also Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934 (May 6, 1998) (holding that "if an argument exists that can support [an]

assignment of error, it is not this court's duty to root it out.") Hoang's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN SENTENCING APPELLANT HOANG BY (A) FAILING TO MERGE ALL COUNTS (SPECIFICALLY COUNT I POSSESSION OF MARIJUANA AND COUNT VIII ILLEGAL CULTIVATION OF MARIJUANA WITH COUNT V COMPLICITY TO CULTIVATE MARIJUANA), AND (B) IN ORDERING CONSECUTIVE SENTENCES.

{¶13} Hoang argues that the trial court erred when it sentenced him on multiple counts because all of his offenses were allied offenses of similar import. He further argues that the trial court erred by imposing consecutive sentences.

{¶14} After Hoang was sentenced in this case, the Ohio Supreme Court announced its new test for determining whether multiple offenses constitute allied offenses for sentencing purposes. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, syllabus. The *Johnson* court held that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id*. Because *Johnson* was decided after the trial court sentenced Hoang, the lower court did not have the opportunity to apply the test enunciated in *Johnson* to determine whether the offenses at issue were allied. Moreover, after such a determination, the State did not have the opportunity to elect on which offense(s) it wished to proceed for sentencing. Since the high court's decision in *Johnson*, this Court has consistently remanded similar cases for further proceedings to allow the trial court to apply *Johnson* and make this determination in the first instance. *See, e.g., State v. Cleland*, 9th Dist. No. 09CA0070-M, 2011-Ohio-6786; *State v. Creel*, 9th Dist. No. 25476, 2011-Ohio-5893; *State v. Vitt*, 9th Dist. No. 10CA0016-M, 2011-Ohio-1448. Accordingly, Hoang's second assignment of error is sustained. We reverse Hoang's sentence, and remand this

case to the trial court for further proceedings consistent with this opinion. Because of our resolution of his first argument, we decline to address his second argument regarding consecutive sentences as it has been rendered moot. *See* App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR III

> THE TRIAL COURT ERRED IN FAILING TO DISMISS THE INDICTMENT IN THAT THE INDICTMENT, ON ITS FACE, IS FATALLY DEFECTIVE IN THAT IT: FAILS TO PROPERLY SPECIFY A SUBSTANTIAL, OVERT ACT UNDERTAKEN IN FURTHERANCE OF THE CONSPIRACY; FAILS TO ALLEGE A SUBSTANTIAL, OVERT ACT THAT IS CRIMINAL IN NATURE; ALLEGES AS A SUBSTANTIAL, OVERT ACT CONDUCT CONSTITUTIONALLY PROTECTED; AND, MAKES DISCRIMINATING ALLEGATIONS OF RACIAL PROFILING. (sic)

**{¶15}** Hoang argues that the trial court erred by failing to dismiss the indictment because it was fatally defective in charging conspiracy. This Court disagrees.

**{¶16}** Hoang filed a motion to dismiss the four conspiracy counts. He orally waived a hearing on the motion. Although the record does not contain an order ruling on the motion, we presume that the trial court denied the motion. *State v. Jackson*, 9th Dist. Nos. 24463, 24501, 2009-Ohio-4336, ¶ 14. This is further evidenced by the fact that all charged counts were tried to the jury.

**{¶17}** Hoang argues both below and on appeal that the indictment for the conspiracy charges was fatally defective on its face because it failed to provide him with adequate notice of the "specific, substantial, overt act in furtherance of the conspiracy" as required under *State v. Childs*, 88 Ohio St.3d 194 (2000). The *Childs* court held that "[a]n indictment for conspiracy * * * must allege some specific, substantial, overt act performed in furtherance of the conspiracy." *Id.* at syllabus.

**{¶18}** This Court recently rejected the same argument raised by one of Hoang's co-defendants on appeal. *State v. Vu*, 9th Dist. No. 11CA0058-M, 2012-Ohio-2002, ¶ 34. Because

Hoang's indictment listed multiple overt acts, charged in the alternative, this case is distinguishable from *Childs*, where the Ohio Supreme Court found the indictment problematic because it failed to list any overt act. *Vu* at ¶ 34, citing *Childs* at 199. Hoang does not argue why this Court should expand the holding in *Childs* to a case where the indictment lists overt acts, albeit in the alternative. Moreover, the grand jurors need not have agreed on a single means, i.e., a single overt act, as the basis for the conspiracy. *See State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, ¶ 188. Accordingly, Hoang's argument that the indictment is facially defective for lack of specificity must fail.

{¶19} Hoang further argues that the indictment was facially defective because one of the overt acts listed was a constitutionally protected act, specifically, associating with other defendants. The indictment did not list mere association with the other defendants as one of the overt acts. Instead, it listed association with the other defendants specifically "at various sites of cultivation of marijuana." Accordingly, Hoang was not indicted simply for associating with others, but for doing so at locations where marijuana was being cultivated, i.e., where illegal activity was occurring.

{¶20} Finally, Hoang argues that the indictment was facially defective because it contained allegations of racial profiling. Hoang did not raise this issue in his motion before the trial court. Moreover, while he mentions plain error in a general sense regarding the alleged overt acts, he does not allege plain error in regard to racial profiling. However, even if we were to review this issue for plain error, we find none.

{¶21} This Court has long held that "an appellate court will not consider as error any issue a party was aware of but failed to bring to the trial court's attention[]" at a time when the trial court might have corrected the error. *State v. Dent*, 9th Dist. No. 20907, 2002-Ohio-4522, ¶

6. "[F]orfeiture is a failure to preserve an objection[.] *** [A] mere forfeiture does not extinguish a claim of plain error under Crim.R. 52(B)." (Internal citations omitted.) *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To constitute plain error, the error must be obvious and have a substantial adverse impact on both the integrity of, and the public's confidence in, the judicial proceedings. *State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995). A reviewing court must take notice of plain error only with the utmost caution, and only then to prevent a manifest miscarriage of justice. *State v. Bray*, 9th Dist. No. 03CA008241, 2004-Ohio-1067, ¶ 12. This Court may not reverse the judgment of the trial court on the basis of plain error, unless Hoang has established that the outcome of the trial clearly would have been different but for the alleged error. *State v. Kobelka*, 9th Dist. No. 01CA007808, 2001-Ohio-1723, citing *State v. Waddell*, 75 Ohio St.3d 163, 166 (1996).

**{¶22}** Hoang does not explain what he means by the "discriminating nature of the indictment" or "unacceptable racial profiling." The indictment does not identify Hoang or any co-conspirator by race, nationality, or ethnicity. Moreover, he does not allege that, but for the alleged error, the outcome of the trial would have been different. Hoang's third assignment of error is overruled.

<u>**ASSIGNMENT OF ERROR IV**</u>

THE TRIAL COURT ERRED IN DENYING HOANG'S MOTION REQUESTING A MORE SPECIFIC BILL OF PARTICULARS.

**{¶23}** Hoang argues that the trial court erred by denying his motion for a specific bill of particulars. This Court disagrees.

**{¶24}** Hoang was originally indicted on June 23, 2006. He filed a motion for a bill of particulars on July 18, 2006. The State filed a bill of particulars on August 2, 2006. Hoang never filed any motions asserting that the State's response was not sufficient. A supplemental indictment was filed on August 17, 2006, charging Hoang with seven additional counts. Hoang was arraigned on the supplemental charges on August 29, 2006.

**{¶25}** This Court has stated on multiple occasions that "[a] defendant must request a bill of particulars within twenty-one days of arraignment." *Vu*, 2012-Ohio-2002, ¶ 37, quoting *State v. Vu*, 9th Dist. No. 11CA0042-M, 2012-Ohio-746, ¶ 29, citing *State v. Wigle*, 9th Dist. No. 25593, 2011-Ohio-6239, ¶ 26, citing Crim.R. 7(E). Hoang filed his motion for a specific bill of particulars on the supplemental counts on October 16, 2006, more than twenty-one days after his arraignment on those charges. Accordingly, his motion was not timely.

**{¶26}** Hoang's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR V

THE STATE FAILED TO DISCLOSE EXCULPATORY EVIDENCE.

**{¶27}** Hoang argues that the State failed to disclose certain exculpatory evidence, specifically, surveillance tapes, recorded phone calls from the Medina County Jail, and communications with federal and state agencies regarding Hoang and his co-defendants, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). This Court disagrees.

**{¶28}** The United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. In this case, Hoang does not argue that any of the allegedly suppressed evidence was favorable to him or material to the issues of either guilt or punishment. Rather, he

argues merely that the evidence was subject to disclosure. In fact, the record indicates that the State turned over the tapes it had and that it did not have evidence of any other nature that Hoang asserted it did. Because the State disclosed the evidence it had, Hoang's fifth assignment of error is overruled.

**ASSIGNMENT OF ERROR VI**

THE TRIAL COURT ERRED IN FAILING TO GRANT HOANG'S MOTION
TO DISCLOSE THE IDENTITY OF THE INFORMANT(S).

**{¶29}** Hoang argues that the trial court erred by failing to grant his motion to disclose the identity of the confidential informants. This Court disagrees.

**{¶30}** Because there is no ruling in the record, we presume that the trial court denied the motion. *Jackson* at ¶ 14. "This Court will not disturb a trial court's ruling on a motion to disclose a confidential informant's identity absent an abuse of discretion." *State v. Smith*, 9th Dist. No. 21069, 2003-Ohio-1306, ¶ 62.

**{¶31}** The Ohio Supreme Court has stated that "[t]he state has a privilege to withhold from disclosure the identities of those who give information to the police about crimes." *State v. Bays*, 87 Ohio St.3d 15, 24 (1999). Nevertheless, "[t]he identity of an informant must be revealed to a criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." *State v. Williams*, 4 Ohio St.3d 74 (1983), syllabus. Courts generally compel the disclosure of the identity of informants who were present during the commission of the crime, but do not generally compel the disclosure of informants who merely provided information regarding the crime. *Bays* at 25.

**{¶32}** In this case, Hoang makes the same arguments as those offered on appeal by a co-defendant. *See Vu*, 2012-Ohio-2002. They are equally unpersuasive here. First, no confidential

informant testified at Hoang's trial. Accordingly, the State did not rely on such testimony to establish an element of any offense. *See Williams* at syllabus. Second, Hoang, like Vu, argues that the identity of any informant was "essential to a fair determination on the issue of the content of conversation between [Hoang] and police officers where such informant was present during said conversation * * *." We reiterate our discussion from *Vu*, 2012-Ohio-2002:

> [Appellant's] assertion is confusing and unclear. [Appellant] points to nothing in the record that even indicates that any informant was present with police while police talked to [him]. [Appellant] does not indicate when this conversation took place or how this particular conversation is important. This Court is unclear how learning the identity of the informants would aid in the fair determination of the content of a conversation [appellant] had with the police or how it would benefit [appellant] in his defense. *See* App.R. 16(A)(7).

¶ 60.

{¶33} Hoang next asserts that "a confidential informant provided information regarding a sale of marijuana grow equipment." He cites to four documents in the record in support of this assertion: two motions to suppress, his motion to dismiss for speedy trial violation, and the State's notice of supplemental discovery regarding "[a]dditional paperwork and photographs." None of Hoang's three motions shed any light regarding how learning the identity of any informant would have been helpful to him in preparing his defense.

{¶34} Finally, Hoang asserts that he "suffered from a confidential investigation and confidential source in an investigation that started in the State of Washington, the details of which were never produced." Hoang directs this Court to "[s]ee affidavit attached to Search Warrant." The record does not contain either a search warrant or affidavit in support. Again, Hoang fails to clarify how the disclosure of the identity of these alleged confidential informants would have benefitted him in preparing his defense. *See Williams* at syllabus; *see also* App.R. 16(A)(7). Based on the mere speculative nature of Hoang's arguments, this Court cannot

conclude that the trial court abused its discretion by denying his motion to disclose. Hoang's sixth assignment of error is overruled.

## ASSIGNMENT OF ERROR VII

THE TRIAL COURT ERRED IN FAILING TO GRANT HOANG'S MOTION TO SUPPRESS SEARCH WARRANTS.

**{¶35}** Hoang argues that the trial court erred by denying his motion to suppress on the basis of secretive intelligence reports, lack of standing, and lack of specificity and probable cause. This Court disagrees.

**{¶36}** A motion to suppress presents a mixed question of law and fact:

When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

Secretive Intelligence Reports

**{¶37}** Hoang argues that the trial court erred by denying his motion to suppress search warrants that were based on "secretive intelligence reports." He argues (1) that the use of the secretive reports violated his constitutional right to confront witnesses, and (2) that the State began its investigation based on racial profiling. Hoang offers no law in support of his first argument. Moreover, he fails to offer any support from the record for the second. Instead, he merely asserts that witness testimony in an unidentified co-defendant's trial indicated that the State engaged in racial profiling. Again, as the appellant, Hoang bears the burden of providing this Court with citations to legal authority and the record in support of his arguments. App.R.

16(A)(7). It is not our duty to develop his argument for him, and we decline to do so. *Cardone*, supra.

Lack of Standing

**{¶38}** Hoang next argues that the trial court erred by denying his motion to suppress based on his lack of standing.

**{¶39}** "The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution secure an individual's right to be free from unreasonable searches and seizures." *State v. Moore*, 2d Dist. No. 20198, 2004-Ohio-3783, ¶ 10. The United States Supreme Court has found that the "capacity to claim the protection of the Fourth Amendment depends * * * upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place."[1] *Minnesota v. Olson*, 495 U.S. 91, 95 (1990). (Internal citations omitted). Such an expectation is legitimate only if it is one that society is prepared to recognize as reasonable. *Id.* at 95-96. Furthermore, "[t]he burden is upon the defendant to prove facts sufficient to establish such an expectation." *State v. Williams*, 73 Ohio St.3d 153, 166 (1995), citing *Rakas v. Illinois*, 439 U.S. 128, 131 (1978).

**{¶40}** The United States Supreme Court has recognized that an individual who is an overnight guest may have a legitimate expectation of privacy in the home in which he is visiting. *State v. Draper*, 6th Dist. No. F-04-026, 2005-Ohio-920, ¶ 10, citing *Olson*, 495 U.S. at 96-97. However, a guest who is merely present with the consent of the householder does not necessarily enjoy the same expectation of privacy. *Minnesota v. Carter*, 525 U.S. 83, 90 (1998).

---

[1] The Supreme Court of Ohio has adopted this rule of law and generically refers to an individual's "legitimate expectation of privacy" as having "standing" to bring such an action. See *Williams*, 73 Ohio St.3d at 166. ("The rule followed by courts today with regard to standing is whether the defendant had an expectation of privacy in the home that society is prepared to recognize as reasonable.").

{¶41} Moreover, "the purpose for which an owner maintains or a visitor uses an invaded place may affect the reasonableness of a privacy expectation in the invaded place." *State v. Gulley*, 5th Dist. No. 2006CA00114, 2008-Ohio-887, ¶ 26. In addition, it has long been recognized that when an individual converts his home into a "commercial center used to conduct illegal transactions," the expectation of privacy in the premises is significantly reduced. *AL Post 763 v. Ohio Liquor Control Comm.*, 82 Ohio St.3d 108, 115 (1998), citing *Lewis v. United States*, 385 U.S. 206, 211 (1966).

{¶42} Hoang asserts that he moved the trial court to suppress evidence seized "pursuant to the series of search warrants at houses and apartments wherein the State alleged possession of marijuana, cultivation of marijuana, and other actions constituting the conspiracy and/or complicity charges took place." He does not, however, identify any of those locations with specificity. In his motion to suppress evidence obtained through thermal imaging, he identified four addresses. There were no evidentiary hearings on any of his motions to suppress; rather, the attorneys merely offered some oral arguments to the court. The trial court noted that Hoang withdrew his motion to suppress in regard to some properties. The only motion it denied on the basis of lack of standing was the motion regarding thermal imaging at a house on Red Clover. Accordingly, that sole location forms the only possible context for this portion of this assignment of error.

{¶43} Hoang first argues that the trial court erred by failing to conduct an analysis of the totality of the circumstances before denying his motion. Hoang maintained the burden of demonstrating his expectation of privacy in the Red Clover property. *See Williams*, 73 Ohio St.3d at 166. He failed, however, to present any evidence in support of his motion or argument

that he had standing. Accordingly, it is unclear which circumstances Hoang expected the trial court to analyze. Therefore, he cannot prevail on this argument.

{¶44} Hoang next argues that the State advanced contradictory positions: first, that Hoang lacked standing to challenge the search warrant because he had no possessory interest in the property, and second, that Hoang was guilty because of his possessory interests in the locations. This Court has previously addressed and rejected the identical argument in *Vu*, 2012-Ohio-746, ¶ 23-24, where we noted the distinction between the suppression stage and trial stage of the case. While the State maintained the burden of proof at trial, Hoang had the burden of establishing that he had a legitimate expectation of privacy in the locations searched for purposes of suppression. *See id.* at ¶ 24, citing *State v. Redding*, 9th Dist. No. 10CA0018-M, 2010-Ohio-4286, ¶ 8. Moreover, Hoang cites no authority for the proposition that the State is precluded from presenting distinct arguments during distinct proceedings in the case.

{¶45} Finally, Hoang argues that this Court should recognize an "automatic standing" rule in cases where a defendant is charged with a possessory crime. As this Court has recognized, the United States Supreme Court has expressly rejected such a rule. *State v. Johnson*, 63 Ohio App.3d 345, 347-348 (9th Dist.1989), citing *United States v. Salvucci*, 448 U.S. 83, 91-93 (1980). Hoang's arguments regarding standing are not well taken.

Lack of Specificity and Probable Cause

{¶46} Hoang argues that the affidavit in support of the search warrant fails for lack of specificity and probable cause.

{¶47} The Fourth Amendment to the United States Constitution prohibits only unreasonable searches and seizures, not every search and seizure. The United States Supreme Court has held that "before a warrant for either arrest or search can issue [the Fourth Amendment

probable-cause requirements] require that the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant." *Whitely v. Warden*, 401 U.S. 560, 564 (1971).

{¶48} Crim.R. 41(C) addresses the issuance of search warrants and states in relevant part: "A warrant shall issue on either an affidavit or affidavits sworn to before a judge of a court of record * * *. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located." Crim.R. 41(C)(1). The judge shall issue the search warrant upon determining that probable cause for the search exists. Crim.R. 41(C)(2). The rule further provides that "[t]he finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." *Id.*

{¶49} A court reviewing the sufficiency of probable cause in a submitted affidavit should not substitute its judgment for that of the issuing judge. *State v. Tejada*, 9th Dist. No. 20947, 2002-Ohio-5777, ¶ 7, citing *State v. George*, 45 Ohio St.3d 325 (1989), paragraph two of the syllabus. Rather, the duty of a reviewing court is to determine whether the magistrate or judge who issued the search warrant had a substantial basis for concluding that probable cause existed. *George*, 45 Ohio St.3d at paragraph two of the syllabus. Great deference is to be given to the issuing judge's determination and doubtful or marginal cases are to be resolved in favor of upholding the validity of the warrant. *State v. Cash*, 9th Dist. No. 20259, 2001 WL 251353 (Mar. 14, 2001), citing *George*, 45 Ohio St.3d at paragraph two of the syllabus.

**{¶50}** "[P]robable cause is the existence of circumstances that warrant suspicion." (Quotations and citations omitted). *Tejada* at ¶8. Therefore, "the standard for probable cause does not require a prima facie showing of criminal activity; rather, the standard requires only a showing that a probability of criminal activity exists." (Quotations omitted). *Id*. *See also George*, 45 Ohio St.3d at 329. Furthermore, courts view the totality of the circumstances in making probable cause determinations. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The *Gates* court elaborated: "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for … conclud[ing] that probable cause existed." (Internal quotations omitted.) *Id*. at 238-39.

**{¶51}** In this case, Hoang informed the trial court that it was submitting the affidavit on its four corners for a determination of whether it lacked specificity and probable cause. Hoang does not identify which affidavits and search warrants he is challenging. *See* App.R. 16(A)(7). Moreover, the record contains no affidavits or search warrants for our review. As we are prevented from reviewing the affidavits at issue, Hoang's argument must fail.

**{¶52}** Hoang's seventh assignment of error is overruled.

### ASSIGNMENT OF ERROR VIII

THE TRIAL COURT ERRED IN AWARDING FORFEITURE.

**{¶53}** Hoang argues that the trial court erred in ordering forfeiture. This Court disagrees.

{¶54} Hoang first argues that the trial court erred by instructing the jury that the State's burden of proving that forfeiture was warranted was by a preponderance of the evidence. He next argues that the award of forfeiture was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶55} In regard to both arguments, Hoang cites to pages in the transcript which do not exist. Moreover, he fails to reference the forfeiture statute, R.C. 2925.42, or otherwise cite any law for the proposition that the preponderance of the evidence burden of proof was inapplicable. Hoang, therefore, has failed to cite any legal authority or point to portions in the relevant record in support of his argument. *See* App.R. 16(A)(7). Again, this Court declines to create an argument for him. *See Cardone*, supra. Hoang's eighth assignment of error is overruled.

### III.

{¶56} Hoang's second assignment of error is sustained in part and the matter is remanded to the trial court to determine pursuant to the test enunciated in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, which counts are allied offenses of similar import. The remaining seven assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed in part and reversed in part and remanded for the limited purpose of resentencing.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
CONCURS.

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

MICHAEL J. CALLOW, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.