[Cite as *State v. Fry*, 2017-Ohio-9077.]

STATE OF OHIO )
)ss:
COUNTY OF MEDINA )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO

    Appellee

v.

BARBARA FRY

    Appellant

C.A. No. 16CA0057-M

APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No. 15CRB00885

DECISION AND JOURNAL ENTRY

Dated: December 18, 2017

TEODOSIO, Judge.

{¶1}   Barbara Fry appeals her conviction by the Wadsworth Municipal Court, finding her guilty of the offense of domestic violence.  This Court affirms.

I.

{¶2}   In October 2015, a complaint was filed by the State of Ohio against Ms. Fry charging her with the crime of domestic violence in violation of R.C. 2929.25(A).  The alleged incident involved an altercation between Ms. Fry and her son that took place outside of their home on the night of October 17, 2015.  A trial by jury was held in March 2016, with the jury returning a verdict of guilty, and on April 20, 2016, the trial court filed its sentencing entry.  Ms. Fry now appeals, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT THE JURY'S GUILTY VERDICT AND THE CONVICTIONS THEREFORE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶3}** In her first assignment of error, Ms. Fry argues the evidence presented at trial was insufficient as a matter of law to support her conviction and that her conviction was against the manifest weight of the evidence. We disagree.

Sufficiency of the Evidence

**{¶4}** Whether the evidence in a case is legally sufficient to sustain a conviction is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "In essence, sufficiency is a test of adequacy." *Id.* This Court reviews questions of law under a de novo standard. *State v. Trifari,* 9th Dist. Medina No. 08CA0043–M, 2009–Ohio–667, ¶ 12.

**{¶5}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

**{¶6}** The offense of domestic violence has been committed when a defendant knowingly caused or attempted to cause physical harm to family or household member. R.C. 2919.25(A). As defined by R.C. 2901.01(A)(3), "'[p]hysical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." We note that

the family relationship between Ms. Fry and the victim is not in question, and that the victim is her son.

{¶7} The testimony of one of Ms. Fry's neighbors indicated that on the night of the incident, he heard a young man screaming and yelling for help, and that he therefore called the police. He testified that when he looked out of his window, he saw a young man on the ground being attacked, that one of the attackers was Ms. Fry, and that she did not stop hitting him until the police arrived. The neighbor identified Ms. Fry in the courtroom. He could not identify the victim.

{¶8} A friend of the victim testified that she was at Ms. Fry's house on the night of the incident, and that Ms. Fry and the victim started to argue. She testified that she and the victim had gone outside and that Ms. Fry began yelling his name and subsequently ran towards them. She further testified that Ms. Fry was on top of him and that they were fighting and screaming.

{¶9} The victim testified that he, a friend, and his mother were socializing in the home where he lived with his mother on the night of the incident. He testified that he got into an argument with his mother because she didn't want him to leave the house to walk his friend home. He further testified that he remembered his mother throwing him to the ground and that she was on top of him, with her hands around his neck, choking him "very hard."

{¶10} Based upon the testimony as recounted above, a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could reasonably have found, beyond a reasonable doubt, that Ms. Fry committed the offense of domestic violence. We therefore conclude there was sufficient evidence to support a finding that Ms. Fry committed the crime of domestic violence.

Manifest Weight of the Evidence

{¶11} "In determining whether a conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence concerns whether a greater amount of credible evidence supports one side of the issue than supports the other. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, "the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id*., quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases in which the evidence weighs heavily against the conviction. *Otten* at 340.

{¶12} "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." *State v. Haydon*, 9th Dist. Summit No. 19094, 1999 Ohio App. LEXIS 6174, *19 (Dec. 22, 1999). An appellate court will not overturn a judgment on this basis alone, and may not merely substitute its judgment for that of the factfinder. *State v. Serva*, 9th Dist. Summit No. 23323, 2007–Ohio–3060, ¶ 8.

{¶13} This Court recognizes that "the trier of fact is in the best position to determine the credibility of witnesses and evaluate their testimony accordingly." *State v. Johnson*, 9th Dist. Summit No. 25161, 2010–Ohio–3296, ¶ 15. We will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's

version of events over another version. *State v. Tabassum*, 9th Dist. Summit No. 25568, 2011–Ohio–6790, ¶ 27.

{¶14} In support of her argument that her conviction was against the manifest weight of the evidence, Ms. Fry points to conflicting testimony by the neighbor as to how many people were involved in the incident and conflicting testimony about whether the altercation broke up before or after the police arrived. Ms. Fry contends that the friend never testified that Ms. Fry "attacked" the victim; only that she came towards him, was on top of him, and that they were fighting. Ms. Fry further points to testimony that the friend didn't know how the fight started. With regard to the victim's testimony, Ms. Fry recounts that he had admitted to drinking and being intoxicated, that he had issues with anxiety, that he could not remember some events from the night in question, and that he admitted to hitting her with a closed fist.

{¶15} Ms. Fry also directs us to the testimony of the responding police officer indicating the victim had told him that he had struck Ms. Fry because he was concerned she was going to become aggressive with his friend, and that after he did so, his mother grabbed him, forced him to the ground, and began choking him. Finally, Ms. Fry points to her own testimony that her son started to wrestle with her as she was attempting to guide him back into the house. She stated that he had punched her in the face, but she didn't tell the police because she wanted to protect her son. She also testified that she never hit her son, and that she put a hand around his neck while she was on top of him because he had grabbed her by the throat.

{¶16} As we have noted, a conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before a jury. *Haydon* at \*19. Having reviewed the record, we cannot say that the jury clearly lost its way or created a manifest miscarriage of justice in choosing the State's version of the events. "[W]hen conflicting evidence is presented

at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." *State v. Gilliam*, 9th Dist. Lorain No. 97CA006757, 1998 Ohio App. LEXIS 3668, *5 (Aug. 12, 1998). We conclude the conviction for domestic violence was not against the manifest weight of the evidence.

{¶17} Ms. Fry's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE COURT TAINTED THE JURY'S DELIBERATIONS AND IMPROPERLY INFLUENCED THE JURY'S DELIBERATIONS WHEN IT GAVE AN ERRONEOUS JURY INSTRUCTION ON SELF-DEFENSE.

{¶18} In her second assignment of error, Ms. Fry argues the court erred in the instruction of self-defense that was given to the jury. We disagree.

{¶19} "An appellate court reviews a trial court's refusal to give a requested jury instruction for abuse of discretion." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 240. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶20} Failure to object to a jury instruction limits review of the alleged error to the plain error standard. *State v. Bushner*, 9th Dist. Summit No. 26532, 2012 Ohio 5996, ¶ 13. Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "To constitute plain error, the error must be obvious and have a substantial adverse impact on both the integrity of, and the public's confidence in, the judicial proceedings." *State v. Hoang*, 9th Dist. Medina No. 11CA0013-M, 2012-Ohio-3741, ¶ 21. This Court "must take notice of plain error only with the utmost caution, and only then to prevent a manifest miscarriage of justice." *Id.*

{¶21} Ms. Fry did not object to jury instructions provided to the jury and we are therefore limited to plain error review. As part of the instruction for self-defense, the Ohio Jury Instructions provide that a "defendant must prove by the greater weight of the evidence that * * * [she] was not at fault in creating the situation" and "[she] had reasonable grounds to believe and an honest belief, even *if* mistaken, that [she] was in [imminent] danger of bodily harm." (Emphasis added.) *Ohio Jury Instructions*, CR Section 421.21 (Rev. Aug. 16, 2006). The instruction given by the trial court, however, reflects a pre-2006 version of the self-defense jury instruction, stating that a defendant must prove "[she] was not at fault in creating the situation" and "[she had] reasonable grounds to believe and an honest belief, even *though* mistaken, that [she] was in imminent danger of bodily harm * * *." (Emphasis added.) *See Ohio Jury Instructions*, Former CR Section 411.33.

{¶22} Ms. Fry argues:

> [I]nstead of having the opportunity to decide if the defendant had a reasonable belief of imminent danger they were instructed that, in this case, the belief was mistaken. The instruction from the Judge, which the jury promised earlier they would follow, precluded the jury from determining for themselves whether or not Barbara Fry had acted in self-defense. As a result of this plain error Barbara Fry's substantial rights to a fair, impartial interpretation of the law and the administration of justice [were] denied.

Ms. Fry's assertion that the instruction precluded the jury from determining for themselves whether she had acted in self-defense is incorrect. For the purposes of self-defense, it matters not whether a defendant's honest belief that she was in imminent danger of bodily harm was a mistaken belief or an accurate one. Even if the jury were to presume Ms. Fry was mistaken in a belief of imminent danger, the instruction given by the court makes clear that such a mistaken belief shall have no bearing so long as it was an honest belief. We conclude there is no plain error in the instruction given by the trial court.

**{¶23}** Ms. Fry's second assignment of error is overruled.

III.

**{¶24}** Ms. Fry's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DAVID V. GEDROCK, Attorney at Law, for Appellant.

J. R. RUSSELL, Attorney at Law, for Appellee.