[Cite as *Regions Bank v. Sabatino*, 2012-Ohio-4254.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

REGIONS BANK

    Appellee

    v.

PAUL A. SABATINO

    Appellant

C.A. No.     25907

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2010-12-8404

DECISION AND JOURNAL ENTRY

Dated: September 19, 2012

CARR, Presiding Judge.

{¶1} Appellant, Paul Sabatino, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses.

I.

{¶2} On December 22, 2010, Regions Bank filed a complaint against Sabatino for breach of a credit agreement. Regions alleged that, in December 2005, Sabatino executed a credit agreement for $225,000 secured by a second mortgage on real property located in Collier County, Florida. Regions further alleged that Sabatino had defaulted on the agreement and owed $238,000. A copy of the credit agreement was attached to the complaint.

{¶3} On February 1, 2011, Sabatino filed a pro se "Motion for Extension of Time." In the motion Sabatino requested a 60-day extension and explained that the bank had contacted him in early November and he had responded by sending the bank a "letter and validation request (Debt Collector Disclosure Statement) asking [Regions'] attorney to respond within thirty (30)

days." Sabatino further explained that, rather than responding to his request, the bank filed suit against him. The day after Sabatino filed his motion, the trial court granted a 21-day extension. In the order, the trial court stated that Sabatino shall "respond to the Complaint on or before February 28, 2011."

{¶4} On February 25, 2011, Sabatino filed a motion in which he asked the trial court to "delay the Complaint until the Florida Attorney General's Office completes [its] investigation of the alleged filing of improper documents in the courts." Sabatino explained that "[t]he attorneys representing [Regions] on the 1st (First) Mortgage (Florida Default Law Group) are under investigation by the State of Florida Attorney General's Office * * * for alleged[ly] filing improper documents in the courts to speed up foreclosures." Sabatino further asked that the trial court require Regions' lawyers to respond to his "Validation Debt Collector Disclosure Statement as required by law." On February 28, 2011, the trial court issued an order denying the motion, but giving Sabatino until March 11, 2011, to answer the complaint. The journal entry further indicated that "[f]ailure to file an Answer will result in Default Judgment against the defendant."

{¶5} On March 11, 2011, Sabatino filed a "Request for Production of Documents" directed to the attorneys for Regions. In his motion, Sabatino again requested that the trial court order Regions to respond to his Validation Debt Collector Disclosure Statement. Regions subsequently filed a motion for default judgment. On March 28, 2011, Sabatino filed a motion to compel Regions to respond to his Validation Debt Collector Disclosure Statement. On that same day, the trial court issued an order granting default judgment in favor of Regions. On April 6, 2011, the trial court issued a journal entry denying the motion to compel on the basis that it was moot.

**{¶6}** Sabatino filed a timely notice of appeal and raised two assignments of error.

II.

**{¶7}** In his assignments of error, Sabatino raises general due process arguments relating to the trial court's decision to enter default judgment. The crux of Sabatino's argument is that the trial court entered default judgment before he had an opportunity to gather evidence regarding the status of the property in question.

**{¶8}** At the outset, we note that Sabatino has presented his arguments before the trial court and this Court pro se. With respect to pro se litigants, this Court has observed:

> [P]ro se litigant should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Internal citations omitted.) *Sherlock v. Myers,* 9th Dist. No. 22071, 2004-Ohio-5178, ¶ 3.

**{¶9}** The Ohio Supreme Court has stated that "[i]f the defending party has failed to appear in the action, a default judgment may be entered without notice." *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.,* 28 Ohio St.3d 118, 120 (1986); *see also Chuck Oeder, Inc. v. Bower*, 9th Dist. No. 23785, 2007-Ohio-7032, ¶ 13. The high court continued:

> Default, under both pre-Civil Rule decisions and under Civ.R. 55(A), is a clearly defined concept. A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading. *McCabe v. Tom*, 35 Ohio App. 73 (6th Dist.1929). As stated by the court in *Reese v. Proppe*, 3 Ohio App.3d 103, 105 (8th Dist.1981), "[a] default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or 'confessed' by the omission of statements refuting the plaintiff's claims. * * *" It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or "otherwise defend[ing]" that a default arises. This rule applies to original

claims as well as to counterclaims (Civ.R. 55[C]), and is logically consistent with the general rule of pleading contained in Civ.R. 8(D), which reads in part that "[a]verments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading."

*Ohio Valley Radiology* at 121.

{¶10} Here, the trial court erred in granting default judgment against Sabatino. There is no dispute that Sabatino appeared in this matter. Sabatino filed several motions in the trial court including two motions for extensions of time as well as several motions pertaining to the proceedings in Florida that allegedly impacted the status of the property in question. This Court has held that when a party appears in an action, the trial court is required to conduct a hearing on a motion for default judgment and provide the parties with at least seven days' notice pursuant to Civ.R. 55(A). *Pickett v. Katz & Co. Spalon*, 9th Dist. No. 25851, 2011-Ohio-4396, ¶ 4 - 5. The failure to conduct a hearing prior to entering default judgment when a party ha's appeared in an action constitutes reversible error. *Id*. at ¶ 5. Despite the fact that Sabatino appeared in this action, the trial court did not hold a hearing prior to entering default judgment. As the trial court failed to conduct a hearing, Sabatino's assignments of error are sustained.

III.

{¶11} Sabatino's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

BELFANCE, J.
CONCURS.

DICKINSON, J.
DISSENTING.

{¶12} There seems to be some confusion in this case about Mr. Sabatino's assignments of error. There are two, and neither suggests that the trial court incorrectly entered default judgment against him because it failed to hold a hearing:

> The Trial Court erred by failing to take into consideration that the Defendant's Motion was filed prior to the Court's Final Order and then ruled the Defendant's motion was moot.

> The Trial Court erred by denying the Appellant Due Process because their Summary Judgment was handed down while crucial Foreclosure evidence and issues are unresolved and still being developed in many courts throughout the country.

This Court has often written, even in criminal cases, that "an appellant's assignment of error provides this Court with a roadmap to guide our review." *E.g.*, *State v. Hoang*, 9th Dist. No. 11CA0013-M, 2012-Ohio-3741, ¶ 12 (quoting *Akron v. Johnson*, 9th Dist. No. 26047, 2012-Ohio-1387, ¶ 3). In certain types of cases, however, it is apparently becoming appropriate for the Court to "chart [its] own course." *But see Hoang*, 2012-Ohio-3741, at ¶ 12 ("We decline to chart our own course when, as in this case, the appellant has failed to provide any guidance.").

INTRODUCTION

{¶13} Paul Sabatino, acting pro se, failed to respond to the allegations in the complaint filed against him by Regions Bank. Therefore, the trial court granted the bank's motion for default judgment against him. Mr. Sabatino has appealed, arguing that the trial court incorrectly denied his motion to compel as moot because it "fail[ed] to take into consideration that the . . . [m]otion was filed prior to the [c]ourt's [f]inal [o]rder[.]" He has also argued that the trial court denied him due process by entering judgment against him "while crucial [f]oreclsoure evidence and issues are unresolved and still being developed in many courts throughout the country." I would affirm because, in light of Mr. Sabatino's failure to answer the complaint, the trial court properly granted default judgment against him and denied his motion to compel.

BACKGROUND

{¶14} In December 2010, Regions Bank sued Paul Sabatino for breach of contract. The bank alleged that, in December 2005, Mr. Sabatino executed a credit agreement for $225,000 secured by a second mortgage on real property located in Collier County, Florida. It also alleged that Mr. Sabatino defaulted on the agreement and owed it over $238,000. The bank attached a copy of the agreement to its complaint.

**{¶15}** Without hiring a lawyer, Mr. Sabatino filed a document he called a "Motion for Extension of Time- Review of Pending Documents[.]"  Through the motion, Mr. Sabatino requested "an extension of sixty (60) days" and explained that the bank had contacted him in early November and he had responded by sending the bank a "letter and validation request (Debt Collector Disclosure Statement) asking [the bank's] attorney to respond within thirty (30) days."  Mr. Sabatino explained that, rather than responding to his "validation request[,]" the bank filed suit against him.  The day after Mr. Sabatino moved for an extension of time, the trial court granted a 21-day extension.  In the order, the trial court wrote that Mr. Sabatino "shall respond to the Complaint on or before February, 28, 2011."

**{¶16}** Three days before the new deadline for answering the complaint, Mr. Sabatino filed a document he called a "Motion to Delay Complaint Until Completion of Investigation by Florida Attorney General – Production of Documents."  Via this motion, Mr. Sabatino asked the trial court to "delay the Complaint until the Florida Attorney General's Office completes [its] investigation of the alleged filing of improper documents in the courts."  He explained that "[t]he attorneys representing [the bank] on the 1st . . . Mortgage (Florida Default Law Group) are under investigation by the State of Florida Attorney General's Office . . . for alleged[ly] filing . . . improper documents . . . to speed up foreclosures."  Mr. Sabatino also requested that the trial court order the bank's lawyers to respond to his "Validation Debt Collector Disclosure Statement as required by law."  Three days after Mr. Sabatino moved "to delay [the] complaint[,]" the trial court entered an order denying the motion, but giving Mr. Sabatino until March 11 to answer the complaint.  The order of February 28, 2011, indicates that "[f]ailure to file an Answer will result in Default Judgment against the defendant."

{¶17} On March 11, Mr. Sabatino filed a document he called a "Request for Production of Documents Directed to [the bank's] Attorney[.]" In it, he again asked the trial court to order the bank to respond to his "validation[.]" The bank then moved for default judgment based on Mr. Sabatino's failure to answer the complaint. The bank served the motion for default judgment on Mr. Sabatino by regular mail service on March 17. Mr. Sabatino did not respond to the motion, but moved to compel a response to his debt validation request on March 28. That same day, the trial court granted the bank's motion, noting that it had instructed Mr. Sabatino to file his answer on or before March 11 and had warned him that failure to do so would result in default judgment being entered against him. The court entered default judgment against Mr. Sabatino in the amount of $238,917.08, plus post-judgment interest and costs. Nine days later, the trial court denied as moot the motion to compel that Mr. Sabatino had filed just minutes before the trial court entered default judgment against him.

## DEFAULT JUDGMENT

{¶18} Mr. Sabatino's second assignment of error is that the trial court incorrectly entered judgment against him "while crucial [f]oreclosure evidence and issues are unresolved and still being developed in many courts throughout the country." This argument is apparently related to his discussion of investigations of various states' attorneys general into foreclosures completed with the help of "Robo-Signers." He has argued that the trial court should not have entered judgment against him while investigations continue into suspicious foreclosure practices in Florida. His argument about investigations in other states does not affect whether the trial court properly granted default judgment against him in this case.

{¶19} "Litigants may choose to represent themselves in court, but they will be held to the same standard as represented parties." *Nagel v. Nagel*, 9th Dist. No. 09CA009704, 2010-

Ohio-3942, at ¶ 38. "Although this Court has held that pro se litigants 'should be granted reasonable leeway' in the construction of their pleadings and motions in order to ensure that courts address issues on their merits if possible, 'a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound.'" *Id.* (quoting *Smith v. Downs*, 9th Dist. No. 25021, 2010-Ohio-2571, at ¶ 7). "A pro se litigant 'is not given greater rights than represented parties, and must bear the consequences of his mistakes.'" *Id.* (quoting *Smith*, 2010-Ohio-2571, at ¶ 7). Under Rule 55(A) of the Ohio Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply . . . to the court therefor . . . ."

{¶20} In this case, Mr. Sabatino must bear the consequences of his mistake, specifically, failing to timely answer the complaint, even after being given two extensions of time to do so. Mr. Sabatino filed multiple motions in this action, but never filed anything that could be construed as an answer to the complaint. In each of Mr. Sabatino's motions, he wrote that the bank sued him on December 22, 2010, instead of responding to his "Debt Collector Disclosure Statement validation." He also wrote that, "[o]n January 8, 2011[,] at approximately 10:30 AM," he "picked up and signed" for a summons mailed to him by the Clerk of the Summit County Court of Common Pleas. That summons included an announcement in bold print that "[y]ou are hereby summoned and required to serve upon the plaintiff's attorney . . . a copy of an answer to the complaint within twenty-eight days after service of this summons on you . . . ." Rule 8(B) of the Ohio Rules Civil Procedure provides that "[a] party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the

adverse party relies. If the party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial."

{¶21} The complaint included only three paragraphs, alleging that the bank is the holder of a credit agreement signed by Mr. Sabatino in December 2005, that Mr. Sabatino was in default of his obligations under that agreement, and that he owed the bank $238,917.08. Mr. Sabatino did not deny any of those allegations despite filing various motions and being warned by the court that he must file an answer in a timely fashion or risk default judgment. The trial court correctly granted the bank's motion for default judgment after Mr. Sabatino failed to plead or otherwise defend the allegations as required by the Ohio Rules of Civil Procedure. Civ. R. 55(A). Mr. Sabatino's second assignment of error should be overruled.

MOTION TO COMPEL

{¶22} Mr. Sabatino's first assignment of error is that the trial court improperly denied his third motion as moot after it entered default judgment against him. In his "Motion to Compel[,]" Mr. Sabatino again asked the court to require the bank to respond to his debt validation letter. He has argued that the court failed to consider the fact that he filed the motion to compel before the court entered final judgment against him.

{¶23} The trial court implicitly overruled Mr. Sabatino's motion to compel by granting the bank's motion for default judgment. The trial court had already given Mr. Sabatino two extensions of time to file an answer to the complaint. While ignoring the trial court's warning that default judgment would be rendered against him if he did not answer the complaint by March 11, Mr. Sabatino requested that the trial court order the plaintiff to answer his questions. As the motion to compel could not have been construed as an answer as described in Rule 8(B)

of the Ohio Rules of Civil Procedure, the trial court properly denied it.  Mr. Sabatino's first assignment of error should be overruled.

## CONCLUSION

{¶24}  Mr. Sabatino's assignments of error should be overruled.  The trial court correctly granted default judgment to the bank because Mr. Sabatino never answered the complaint, even after being given two extensions of time and a warning about default judgment.  In light of Mr. Sabatino's failure to answer the complaint, the court properly denied his motion to compel.  The judgment of the Summit County Common Pleas Court should be affirmed.

APPEARANCES:

PAUL A. SABATINO, pro se, Appellant.

MATTHEW G. BERG, Attorney at Law, for Appellee.