[Cite as *Darby v. Twinsburg Twp.*, 2020-Ohio-2702.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| MARY L. DARBY | C.A. No. 29593 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TWINSBURG TOWNSHIP | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CV 2019-02-0700 |

DECISION AND JOURNAL ENTRY

Dated: April 29, 2020

CARR, Presiding Judge.

{¶1} Plaintiff-Appellant Mary Darby appeals, pro se, from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In February 2019, Ms. Darby, appearing pro se, filed a complaint in the trial court against Defendant-Appellee Twinsburg Township. From other documents in the record, it appears that this suit is a refiled action and that the original action was filed in 2018. The allegations in the 2019 complaint are difficult to understand but appear to center around the 2002 demolition of a church by Twinsburg Township. An additional allegation related to a right of way. Simultaneously, Twinsburg Township filed a motion to dismiss, or in the alternative a motion for a more definite statement, and an answer. The answer included the affirmative defense that the claims were barred by the applicable statutes of limitations.

{¶3} Prior to the trial court ruling on the motion, on June 24, 2019, Twinsburg Township filed a motion for summary judgment. Days later, Twinsburg Township filed a second motion for summary judgment and a notice withdrawing the first motion, indicating it had been filed in error. Twinsburg Township argued that Ms. Darby's claims were barred by the applicable statute of limitations. Ms. Darby responded in opposition and with a cross motion for summary judgment. Twinsburg Township then filed a reply brief. Accompanying the reply brief was the affidavit of the township manager who averred that the church was razed in 2002 and that road improvements were made in front of Ms. Darby's property in 2007. The township manager also averred that, to his knowledge, Twinsburg Township had not entered into any contracts with Ms. Darby.

{¶4} The trial court then sua sponte issued an entry authorizing Twinsburg Township to include the affidavit with its reply brief, noting that the local rule prohibited reply briefs from referring to additional evidentiary materials or including them absent agreement of the parties or leave of court. The trial court gave Ms. Darby 21 days to respond to Twinsburg Township's filing or to submit evidentiary materials of her own. Ms. Darby thereafter submitted several filings and three affidavits containing her own averments.

{¶5} Ultimately, the trial court granted Twinsburg Township's motion for summary judgment concluding that the applicable statutes of limitations barred Ms. Darby's claims. Ms. Darby has appealed, raising two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DECIDING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT, AS SAID MOTION WAS IMPROPERLY WITHDRAWN, WITHOUT LEAVE OF COURT, BY DEFENDANTS-APPELLEES VIA A JULY 24 AND JULY 27 WITHDRAWAL AND JULY 31, 2019 AFFIDAVIT FILED IN BAD FAITH. NOTICE OF WITHDRAWAL, CONSTITUTED A WITHDRAWAL OF THE

SAID MOTION WITH PREJUDICE, SUCH THAT THE TRIAL COURT RULED UPON A NON-PENDING, NON-EXISTENT MOTION HAVING LIVE CROSS MOTION. [SIC.]

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY MISAPPLYING THE DOCTRINE OF EQUITABLE TOLLING UNDER THE FACTS OF THIS CASE, ARBITRARILY CALCULATING THE PERIOD OF TOLLING AND THE TIME IN WHICH TO REFILE THE ACTION BY A MECHANICAL FORMULA RATHER THAN AN EQUITABLE REASONABLE TIME APPROACH, RESULTING IN THE ERRONEOUS GRANTING OF MOTION FOR SUMMARY JUDGMENT, TO WHICH DEFENDANTS-APPELLEES WERE NOT ENTITLED, AS A MATTER OF LAW, AS HUD-OIG LAW HAD INTERVENE. [SIC.]

{¶6} Ms. Darby's arguments are difficult to follow. In her first assignment of error, Ms. Darby appears to allege that the trial court considered certain filings by Twinsburg Township that it should not have in ruling on the motions. In her second assignment of error, Ms. Darby seems to argue that the trial court failed to apply, or misapplied, the doctrine of equitable tolling, and, thus, Twinsburg Township was not entitled to summary judgment on the issue of the statute of limitations.

> With respect to pro se litigants, this Court has observed: [P]ro se litigant[s] should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that [s]he remains subject to the same rules and procedures to which represented litigants are bound. [Sh]e is not given greater rights than represented parties, and must bear the consequences of h[er] mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

*Regions Bank v. Sabatino*, 9th Dist. Summit No. 25907, 2012-Ohio-4254, ¶ 8, quoting *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3.

{¶7} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any

doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist. 1983).

{¶8} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. *Id.* at 293. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶10} With respect to Ms. Darby's first assignment of error, a review of the procedural history is important. Twinsburg Township filed its initial motion for summary judgment June 24, 2019. On June 27, 2019, Twinsburg Township filed a notice of withdrawal of its first motion, and also filed its second motion for summary judgment. Ms. Darby seems to argue that, because Twinsburg Township withdrew its first motion for summary judgment, the trial court was not authorized to consider the second filing. Ms. Darby has not adequately explained why this was

improper or why the trial court should not have ruled on the pending motion. *See* App.R. 16(A)(7). To the extent Ms. Darby's argument can be read to argue that the trial court erred in allowing Twinsburg Township to file evidentiary materials with its reply brief, the trial court noted that Twinsburg Township could not do so without leave of court or agreement of the parties, granted Twinsburg Township leave of court to do so, and also provided Ms. Darby with time to file additional materials. Ms. Darby has not explained how, even if we were to assume the trial court erred, the trial court's actions prejudiced her under the circumstances. *See* Civ.R. 61. In addition, Ms. Darby did not challenge below the procedural aspects of Twinsburg Township's summary judgment filings and thus these issues cannot be raised for the first time on appeal. *See In re L.B.S.*, 9th Dist. Wayne Nos. 18AP0007, 18AP0010, 2019-Ohio-3312, ¶ 41. Further, to the extent Ms. Darby may be arguing that Twinsburg Township's affidavit is defective, Ms. Darby did not bring this concern to the attention of the trial court. Accordingly, the trial court was free to consider the affidavit in ruling on the motions for summary judgment. *See King v. Rubber City Arches, L.L.C.*, 9th Dist. Summit No. 25498, 2011-Ohio-2240, ¶ 26.

{¶11} As to Ms. Darby's argument in her second assignment of error that the trial court failed to, or improperly applied, the doctrine of equitable tolling, Ms. Darby only briefly mentioned the equitable tolling doctrine of fraudulent concealment in her summary judgment materials. She did not develop an argument below, or on appeal, explaining how it applied or offer evidence to support that it did. *See* App.R. 16(A)(7). This Court has stated that, under the doctrine, "the running of a statute of limitations is tolled where the plaintiff demonstrates that the defendant took affirmative steps to conceal the plaintiff's cause of action, and the plaintiff could not have discovered the cause of action within the applicable limitations period despite exercising due diligence." *Jacobson-Kirsch v. Kaforey*, 9th Dist. Summit No. 26102, 2012-Ohio-3553, ¶ 12,

citing *Campbell v. Upjohn Co.*, 676 F.2d 1122, 1126 (6th Cir.1982). Ms. Darby did not demonstrate the foregoing, either in the trial court, or on appeal.

{¶12} Moreover, Ms. Darby has not demonstrated that the trial court erred in granting summary judgment to Twinsburg Township on the issue of the statute of limitations. The trial court concluded that Ms. Darby stated claims for malicious property damage and negligence and classified these claims as tort claims. Ms. Darby does not appear to challenge that conclusion on appeal.

{¶13} "Tort actions for injury or damage to real property are subject to the four-year statute of limitations set forth in R.C. 2305.09(D)." *Oaktree Condominium Assn., Inc. v. Hallmark Bldg. Co.*, 139 Ohio St.3d 264, 2014-Ohio-1937, ¶ 16, quoting *Sexton v. Mason*, 117 Ohio St.3d 275, 2008-Ohio-858, ¶ 19, quoting *Harris v. Liston*, 86 Ohio St.3d 203 (1999), paragraph one of the syllabus; *see also* R.C. 2305.09 (listing causes of action subject to a four-year statute of limitations); *Jacobson-Kirsch v. Kaforey*, 9th Dist. Summit No. 26708, 2013-Ohio-5114, ¶ 8, citing *Investors REIT One v. Jacobs,* 46 Ohio St.3d 176, 179 (1989). "Generally, a cause of action accrues at the time the wrongful act is committed." *Harris* at 205. Twinsburg Township submitted the affidavit of the township manager who averred that the church was razed in 2002 and that road improvements were made in front of Ms. Darby's property in 2007. Ms. Darby has developed no argument that the general rule, that a cause of action accrues at the time the wrongful act is committed, should not apply under these facts. *See* App.R. 16(A)(7). Accordingly, Ms. Darby has not demonstrated that the trial court erred in concluding that the statute of limitations barred Ms. Darby's tort claims.

{¶14} Additionally, the trial court examined Ms. Darby's claim alleging violations of 42 U.S.C. 2000cc, et seq, the Religious Land Use and Institutionalized Persons Act of 2000

("RLUIPA"). While "RLUIPA does not contain its own statute of limitations period, * * * civil claims, such as RLUIPA claims, "arising under an Act of Congress enacted after [December 1, 1990], have a four-year period of limitations." (Internal quotations omitted.) *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir.2012); *see also Carr v. Noble*, S.D.Ohio No. 2:13-cv-762, 2015 WL 5579441, *1 (Sept. 23, 2015) ("Plaintiff correctly points out that RLUIPA has a four-year statute of limitations."). Again, Ms. Darby has not demonstrated on appeal that the trial court erred in concluding that this claim was clearly filed outside the applicable four-year period.

{¶15} As to Ms. Darby's cause of action pursuant to 42 U.S.C. 1983, the trial court concluded that her claim was governed by a four-year statute of limitations and was thus time barred. "The United States Supreme Court has instructed that in Section 1983 actions, courts must apply a state's general or residual statute of limitations that governs personal-injury actions." *Nadra v. Mbah*, 119 Ohio St.3d 305, 2008-Ohio-3918, ¶ 1. The Ohio Supreme Court has held that "R.C. 2305.10, which contains a two-year limitations period, is Ohio's general statute of limitations governing personal injury in Ohio." *Id.* Thus, claims brought pursuant to Section 1983 are subject to a two-year statute of limitations. *See id.*; *see also id.* at syllabus. Although the trial court applied an incorrect statute of limitations, Ms. Darby has not demonstrated that its error was anything other than harmless given that the applicable statute of limitations is shorter than the one applied by the trial court.

{¶16} Ms. Darby's assignments of error are overruled.

III.

{¶17} Ms. Darby's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MARY DARBY, pro se, Appellant.

ALFRED E. SCHRADER, Attorney at Law, for Appellee.