[Cite as *State v. Carte*, 2020-Ohio-6752.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 20CA00004 |
| SILAS E. CARTE | |
| | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Guernsey County Court
of Common Pleas, Case No.
19CR000249

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 16, 2020

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOEL M. BLUE                             MAX HERSCH
Prosecuting Attorney                     Assistant State Public Defender
Guernsey County, Ohio                    250 East Broad Street, Suite #1400
                                         Columbus, Ohio  43215
JASON R. FARLEY
Assistant Prosecuting Attorney
Guernsey County, Ohio
627 Wheeling Avenue
Cambridge, Ohio  43725

*Hoffman, P.J.*

{¶1}  Defendant-Appellant Silas E. Carte appeals the judgment entered by the Guernsey County Common Pleas Court convicting him of operating a motor vehicle while intoxicated ("OMVI") in violation of R.C. 4511.19(A)(1)(a), a felony of the third degree, and sentencing him to 24 months incarceration, to be served after a one year term of incarceration imposed for violating his post-release control.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  On the night of June 7, 2019, Michael Freund and his wife returned from vacation to their home on Bennett Avenue in Cambridge, Ohio.  Freund called his niece, Misty Johnson, who lived two houses away on the same street.  Johnson took care of the Freunds' dogs while they were away.  At the time, Johnson was dating Appellant, who also lived in her residence on Bennett Avenue.

{¶3}  When Freund called Johnson, she was hysterical.  She told her uncle Appellant was drunk and upset because his mother had died.  Freund walked to Johnson's house.   He saw empty cans of Twisted Tea (an alcoholic beverage) everywhere.   According to Freund, Appellant was emotional and clearly drunk, and Johnson had a black eye.  Appellant alternated between crying and becoming violent.

{¶4}  Appellant apologized to Freund for drinking Freund's beer while Freund was on vacation.  Appellant said he had more beer in his truck.  Appellant walked out and returned 15-20 minutes later with two six packs of beer.

{¶5}  To separate Appellant from Johnson, Freund took Appellant to his house where they drank beer at a picnic table.  Freund's wife went to Johnson's house.  When the women returned to the Freund residence, Appellant again became violent, and a

struggle ensued.  Freund had previously hidden Appellant's keys, but Appellant found the keys.  Appellant fired up his truck, rammed into Johnson's car several times, backed up, and drove toward the Freund home.  Mr. Freund called 911.  Police arrived almost immediately, as Freund's wife had called earlier when Appellant kicked their front door.

{¶6}  Deputy Scott Cunningham arrived on the scene.  He saw a truck parked diagonally across the road, with a male in the driver's seat.  The deputy activated his take-down lights to illuminate the scene, followed by his emergency red-and-blue lights.  The truck began to come toward the deputy, then backed up the street and into Johnson's driveway.  The deputy encountered Appellant, the driver of the truck, in the driveway.  Dep. Cunningham ordered Appellant to stop and show his hands.  Appellant did not comply.  The deputy handcuffed Appellant and placed him in the cruiser.  Appellant went from crying, to screaming, to quiet throughout the interaction.  Upon searching Appellant, the deputy found a traffic citation issued to Appellant earlier in the day.

{¶7}  Dep. Cunningham called for a trooper with the Ohio State Highway Patrol to administer field sobriety tests.  Sgt. William Howard arrived and asked Appellant how much he had to drink.  Appellant responded he had a lot to drink.  When Sgt. Howard asked how much would be a lot to Appellant, Appellant responded three 18-packs of Twisted Tea would be a lot.  After administering the horizontal gaze nystagmus test, the vertical gaze nystagmus test, and the lack-of-convergence test, Sgt. Howard recommended Appellant be arrested.  Appellant was taken to the police station.  He refused a breath test.

{¶8}  Appellant was indicted by the Guernsey County Grand Jury with one count of OMVI in violation of R.C. 4511.19(A)(1)(a), a felony of the third degree by virtue of a

prior felony conviction of R.C. 4511.19.  The case proceeded to jury trial in the Guernsey County Common Pleas Court.

{¶9}  Appellant testified at trial.  He testified he had previously been convicted of receiving stolen property, theft, breaking and entering, violation of a protection order, and he was on post-release control at the time of the instant offense.  He testified on the day in question, he had a few beers, but never drove his truck.  He testified he was changing two flat tires on Johnson's car when police arrived.

{¶10}  The jury found Appellant guilty as charged in the indictment.  The trial court sentenced him to 24 months incarceration, to be served after a one year term of incarceration imposed for violating his post-release control.   It is from the January 27, 2020 judgment entry of the Guernsey County Common Pleas Court Appellant prosecutes his appeal, assigning as error:


I. SILAS CARTE'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY NOT OFFERING TO STIPULATE TO MR. CARTE'S PRIOR CONVICTION.

II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADMITTING THE STATE'S UNFAIRLY PREJUDICIAL AND CUMULATIVE EXHIBIT A OVER DEFENSE COUNSEL'S OBJECTION.

III. TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE COMBINED WITH THE ADMISSION OF THE VIDEOS CUMULATIVELY DEPRIVED MR. CARTE OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL.

I.

{¶11} In his first assignment of error, Appellant argues counsel was ineffective in failing to stipulate to his prior OMVI conviction. He argues as a result of counsel's failure to stipulate, a judgment entry was introduced into evidence which demonstrated he had three additional OMVI convictions in six years, prior to the felony conviction set forth in the judgment entry.

{¶12} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

{¶13} During the testimony of Dep. Cunningham, the State introduced a judgment entry from Muskingum County. Dep. Cunningham read the conviction from the judgment entry as "Count 1, OVI is three or more priors within six years, a felony of the fourth degree." Tr. 252. The judgment was admitted into evidence.

{¶14} We find Appellant has not demonstrated a reasonable probability of a change in the outcome had counsel stipulated to a prior conviction, thereby avoiding the jury learning he had three OMVI prior convictions in addition to the felony OMVI conviction used to elevate the instant offense to a felony of the third degree. There was no further

testimony concerning the prior convictions after Dep. Cunningham read the judgment, and the State only briefly mentioned the prior convictions in closing argument, while going through the evidence it presented to prove each of the elements of the offense. The State did not argue Appellant acted in conformity with his past behavior, but rather explained to the jury the statutory scheme which elevated the instant charge to a felony charge based on prior convictions of OMVI. The trial court gave a limiting instruction to the jury:

Ladies and gentlemen, evidence was received that the defendant was convicted of OVI on June 7th, 2007 in the Common Pleas Court of Muskingum County in CR2006-0331. That evidence was received because a prior conviction is an element of the offense charged. It was not received, and you may not consider it, to prove the character of the defendant in order to show that he acted in conformity or in accordance with that character.

**{¶15}** Tr. (II) 383.

**{¶16}** The evidence of guilt in the instant case was overwhelming. Michael Freund and Misty Johnson testified Appellant was intoxicated, and both saw him operate his truck in a state of intoxication. Dep. Cunningham also testified he saw Appellant operate his truck, and observed Appellant to be intoxicated. Sgt. Howard testified as to Appellant's intoxication. We find no reasonable probability of a change in the outcome of the trial absent admission of the judgment entry showing Appellant's prior convictions of OMVI.

**{¶17}** The first assignment of error is overruled.

II.

**{¶18}** In his second assignment of error, Appellant argues the court erred in admitting into evidence body camera videos which showed him to be intoxicated.    He argues because he conceded he was intoxicated and the only issue disputed at trial was whether he operated the vehicle, the prejudicial value of the video outweighs its probative value, and the video was needlessly cumulative evidence on the issue of intoxication.

**{¶19}** Evid. R. 403 provides:


(A) **Exclusion Mandatory**. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

(B) **Exclusion Discretionary**. Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence.


**{¶20}** "[A] trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake Cty.*, 58 Ohio St. 3d 269, 271, 569 N.E. 2d 1056 (1991).

**{¶21}** Because Appellant stipulated to his refusal of a breath test, the trial court excluded the videos which showed his refusal.  The trial court admitted six of eight videos the State sought to admit.  Video 1 is 35 seconds long, and shows Appellant struggling with Dep. Cunningham while he was being handcuffed.  Video 2 is over 21 minutes long,

and appears to cover the period of time immediately after Appellant was handcuffed. Appellant was emotional and is seen yelling and crying at the beginning of the video. Most of the video is of Freund recounting the events of the night. Video 4 is a short encounter in which Dep. Cunningham checks on Appellant in the back of the cruiser, and Appellant asks why he is in handcuffs. Video 5 is six and one-half minutes long, showing Sgt. Howard performing field sobriety tests. In this video, Appellant admits to having beer, denies operating a vehicle, and says three 18-packs of Twisted Tea would be a lot to drink for him. The video also shows Appellant being arrested for OMVI, as well as for several other potential charges related to his behavior on the evening in question. Video 6 is a short video in which Dep. Cunningham handcuffs Appellant, as Appellant swears and yells at the deputy. Video 8 shows Appellant arriving at the jail, during which it appears he is going to vomit, although he does not vomit. The video ends as Appellant greets an employee of the jail whom he appears to know.

{¶22} Although Appellant may not have actively contested he was intoxicated on the night in question, he did not stipulate to intoxication. Appellant's failure to contest intoxication did not obviate the necessity on the part of the State to prove intoxication as an element of R.C. 4511.19(A)(1)(a). Because Appellant refused a breath test, the only method of proving intoxication available to the State was through evidence, whether testimonial or by video, of Appellant's behavior at the scene. Although Freund, Johnson, Dep. Cunningham and Sgt. Howard all testified Appellant was intoxicated, the best evidence by which the jury could make a determination for themselves as to whether Appellant was intoxicated was by watching the videos. The videos were corroborative, rather than merely cumulative, in nature on the element of intoxication.

**{¶23}** Further, in the video and at trial, Appellant denied operating the truck. By viewing the video evidence of Appellant's condition of the night in question, the jury could evaluate whether Appellant was in a condition to recall accurately whether he had operated the truck that night, and to assess his credibility on the issue of operability.

**{¶24}** We find the danger of unfair prejudice from admission of the videos did not outweigh their probative value. Further, we find the probative value of the videos was not outweighed by considerations of undue delay or needless presentation of cumulative evidence. Accordingly, we find the trial court did not abuse its discretion in admitting the videos over Appellant's Evid. R. 403 objection.

**{¶25}** The second assignment of error is overruled.

III.

**{¶26}** In his third assignment of error, Appellant argues he was denied a fair trial due to cumulative error as set forth in his first two assignments of error.

**{¶27}** In *State v. Brown*, 100 Ohio St.3d 51, 2003–Ohio–5059, 796 N.E.2d 506, the Ohio Supreme Court recognized the doctrine of cumulative error. However, where we have found the trial court did not err, cumulative error is inapplicable. *State v. Carter*, 5th Dist. Stark No. 2002CA00125, 2003–Ohio 1313 at ¶ 37.

**{¶28}** In the instant case, we have found no ineffective assistance of counsel in failing to stipulate to Appellant's prior conviction, and no error in the admission of the videos taken from Dep. Cunningham's body camera. Therefore, the doctrine of cumulative error is inapplicable.

**{¶29}**  The third assignment of error is overruled.

**{¶30}**  The judgment of the Guernsey County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur