[Cite as *State v. Perry*, 2024-Ohio-2594.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 23CA012058 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHANE C. PERRY | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 21CR104032 |

DECISION AND JOURNAL ENTRY

Dated: July 8, 2024

STEVENSON, Presiding Judge.

{¶1} Defendant-Appellant Shane Perry appeals from his convictions in the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} A grand jury indicted Mr. Perry with two counts of gross sexual imposition ("GSI") or sexual contact with a person under thirteen years of age in violation of R.C. 2907.05(A)(4), felonies of the third degree, and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), a felony of the fourth degree. The date range for each count in the indictment was October 8, 2020, through October 18, 2020. The charges arose from conduct that occurred with minors N.R. and C.R. Mr. Perry pleaded not guilty to the charges and the matter proceeded to a jury trial.

{¶3} Mr. Perry was a friend of N.R. and C.R.'s parents. Father and Mother testified that they met Mr. Perry around 2007 when working together at a motel. After losing contact, Father

and Mother reconnected with Mr. Perry in 2020. Father, Mother, and Mr. Perry got together often after reconnecting. Because Mr. Perry was sometimes homeless, it was not unusual for him to shower, eat meals, and sleep at the family home. Father considered Mr. Perry to be a friend whom he trusted around his children, N.R., C.R., and two sons.

{¶4} Mr. Perry stayed at the family home off and on from October 8, 2020 through October 18, 2020. Mr. Perry slept at the family home on October 17, 2020. Father testified that he dropped Mr. Perry off at another residence the morning of October 18, 2020, with plans for Mr. Perry to come back later in the day to watch a football game. Despite their plans, Mr. Perry did not go back to the family home. Father found it odd that Mr. Perry did not come back over. N.R. and C.R. later disclosed to Father and Mother that something inappropriate had happened with Mr. Perry.

{¶5} N.R. testified Mr. Perry spent the night at her house in October 2020. N.R., who was seven years old at the time, was asleep on a downstairs couch when she "felt something touching down here in my privates." N.R. testified that, after touching the outside of her pants, Mr. Perry "pulled [her pants] down a little bit" and touched "[u]nder" her pants. N.R. testified that Mr. Perry also "pulled out his private parts[,]" which was "[s]ticking out." N.R. ran upstairs when Mr. Perry went into a bathroom.

{¶6} C.R. testified that she was sitting on a downstairs couch on either October 16 or 17, 2020, when Mr. Perry sat down next to her and touched her upper thigh, almost to her private area. C.R. was nine years old at the time. C.R. testified that Mr. Perry then played a video on a phone showing male privates "sticking out" and a girl performing oral sex. C.R. testified on cross-examination that the male in the video was wearing a green shirt and the female was blonde and looked like she was between 10 to 15 years old. C.R. felt "uncomfortable" and went upstairs.

{¶7} Detective Kasperovich was the detective with the Elyria Police Department assigned to investigate the allegations.[1] Detective Kasperovich conducted a forensic interview of N.R. and C.R. and, with consent, he "extracted Mr. Perry's cell phone using Cellebrite * * *." Detective Kasperovich explained that a Cellebrite extraction "is a bit for bit copy of the phone itself, so anything that you do on your cell phone is tracked and we can retrieve that video * * * [and] browser searches * * *."

{¶8} The State introduced exhibit F at trial. Exhibit F is the internet search history on Mr. Perry's phone for the period of October 8, 2020 through October 18, 2020. The trial court allowed exhibit F as it matched the period of N.R. and C.R.'s allegations and the date range stated in the indictment.

{¶9} Detective Kasperovich testified that Mr. Perry told him in his interview that he did not watch pornography on his phone on October 17 or 18, 2020. Mr. Perry denied that C.R. saw pornographic videos on his phone. Contrary to what Mr. Perry said in his interview, Detective Kasperovich testified that there was an internet search on the phone for oral sex videos on October 18, 2020, at 2:12 a.m. coordinated universal time (UTC).

{¶10} Detective Kasperovich testified as to State's exhibit L. The State narrowed and limited exhibit L to a single video depicting a blonde female wearing a green shirt performing oral sex on a male. Detective Kasperovich testified that exhibit L was consistent with what C.R. reported seeing in the video Mr. Perry showed her. The trial court admitted exhibit L, as narrowed, over Mr. Perry's objection. Detective Kasperovich explained that, because it may have been

---

[1] Detective Kasperovich was no longer working for the Elyria Police Department at the time of trial. At all pertinent times, however, he was the detective assigned to this case and will accordingly be referred to as "Detective Kasperovich."

downloaded from the internet, exhibit L did not contain metadata as to the date and time of the video.

{¶11} Detective Kasperovich's testimony linked the phone to Mr. Perry. Detective Kasperovich testified that he pulled data records from cell phone providers and checked phone data to confirm that the phone belonged to Mr. Perry and that it was used during the period of the alleged events.

{¶12} The jury found Mr. Perry guilty of two counts of GSI and one count of disseminating matter harmful to juveniles. Mr. Perry appeals the judgment of conviction raising two assignments of error.

I.

**ASSIGNMENT OF ERROR I[:]**

**THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT PERMITTED THE STATE TO INTRODUCE EVIDENCE REGARDING APPELLANT[']S SEXUAL PROCLIVITY TO WATCH PORNOGRAPHY IN VIOLATION OF [R.C.] 2907.05(E) AND OHIO EVIDENCE RULE 403(A).**

{¶13} Mr. Perry argues in his first assignment of error that the trial court abused its discretion when it permitted the State to introduce evidence regarding his sexual proclivity to watch pornography in violation of R.C. 2907.05(E) and Evid.R. 403(A). We disagree.

{¶14} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *State v. Sage*, 31 Ohio St.3d 173, 180 (1987). Thus, an appellate court will not reverse the trial court's decision absent an abuse of discretion. *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, ¶ 75. "The term 'abuse of discretion' connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a

reviewing court is precluded from substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶15} Although *Blakemore* is often cited as the general standard for reviewing discretionary decisions, the Ohio Supreme Court has provided additional guidance about the nature of an abuse of discretion:

> Stated differently, an abuse of discretion involves more than a difference in opinion: the "'term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *State v. Jenkins*, 15 Ohio St.3d 164, 222 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384 (1959). For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that "'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" *Id.*, quoting *Spalding* at 384-385.

*State v. Weaver*, 171 Ohio St.3d 429, 2022-Ohio-4371, ¶ 24. Even if an appellant demonstrates that the trial court's ruling was an abuse of discretion, he does not establish reversible error unless he shows that the error prejudiced his substantial rights. *Beard v. Meridia Huron Hosp.*, 106 Ohio St.3d 237, 2005-Ohio-4787, ¶ 20.

### R.C. 2907.05(E)

{¶16} R.C. 2907.05(E), the rape shield law, provides:

> Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or sexually transmitted disease or infection, or the victim's past sexual activity with the offender and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

{¶17} Evidence is admissible under R.C. 2945.59 if it:

> tend[s] to show [the defendant's] motive or intent * * * or the defendant's scheme, plan, or system in doing the act in question * * * whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.

{¶18} "Evid.R. 404(B) is in accord with R.C. 2945.59 * * *." *State v. Williams,* 134 Ohio St.3d 521, 2012-Ohio-5695, ¶ 25. "Evid.R. 404(B) categorically prohibits evidence of a defendant's other acts when its only value is to show that the defendant has the character or propensity to commit a crime." *State v. Smith*, 162 Ohio St.3d 353, 2020-Ohio-4441, ¶ 36. "The threshold question is whether the evidence is relevant." *Id.* at ¶ 37.

### Evid.R. 403(A)

{¶19} Evid.R. 403(A) provides that, "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." The Ohio Supreme Court has acknowledged:

> "Exclusion on the basis of unfair prejudice involves more than a balance of mere prejudice. If unfair prejudice simply meant prejudice, anything adverse to a litigant's case would be excludable under Rule 403. Emphasis must be placed on the word 'unfair.' Unfair prejudice is that quality of evidence which might result in an improper basis for a jury decision. Consequently, if the evidence arouses the jury's emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish, the evidence may be unfairly prejudicial. Usually, although not always, unfairly prejudicial evidence appeals to the jury's emotions rather than intellect."

*Oberlin v. Akron Gen. Med. Ctr.*, 91 Ohio St.3d 169, 172 (2001), quoting Weissenberger, *Ohio Evidence*, Section 403.3, 85-87 (2000); *State v. Stultz*, 9th Dist. Lorain No. 20CA011625, 2023-Ohio-4754, ¶ 7.

### Analysis

{¶20} Mr. Perry argues that the internet search history (exhibit F), pornographic video (exhibit L), and Detective Kasperovich's testimony describing exhibit F, should have been excluded pursuant to R.C. 2907.05(E) and Evid.R. 403(A). Mr. Perry argues that this evidence constitutes inadmissible other act evidence and is irrelevant, overbroad, and prejudicial. Mr. Perry also argues that the video was not consistent with C.R.'s testimony and should have been excluded.

{¶21} Mr. Perry was charged with disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1). R.C. 2907.31(A)(1) provides that "[n]o person, with knowledge of its character or content, shall recklessly * * * furnish, disseminate, provide, exhibit, * * * or present to a juvenile * * * any material or performance that is obscene or harmful to juveniles[.]" The State thus had to prove that Mr. Perry had a pornographic video on his phone and that he showed the video to C.R.

{¶22} First, Mr. Perry denied in his interview with Detective Kasperovich searching for pornography on his phone and viewing pornography on October 17 and 18, 2020. This denial put his credibility of the search history of his phone into question. The internet search history (exhibit F) goes directly to the issue of whether Mr. Perry viewed pornography on his phone on these dates and whether he showed pornography to C.R.

{¶23} Second, C.R. testified that she saw pornography on Mr. Perry's phone on October 16 or 17, 2020. C.R. testified that Mr. Perry showed her a video of a blonde female performing oral sex on a male wearing a green shirt. C.R.'s testimony corroborated the pornographic video (exhibit L). The video is directly relevant to the disseminating charge; accordingly, it is not inadmissible other acts evidence pursuant to R.C. 2907.05(E) or Evid.R. 404(B). *See Smith*, 162 Ohio St.3d 353, 2020-Ohio-4441, at ¶ 37.

{¶24} Third, while Mr. Perry argues that the internet search history (exhibit F), pornographic video (exhibit L), and Detective Kasperovich's related testimony were prejudicial, he does not argue that they were "unfairly prejudicial." *See Oberlin*, 91 Ohio St.3d at 172; *Stultz*, 9th Dist. Lorain No. 20CA011625, 2023-Ohio-4754, ¶ 7. Although they may be prejudicial, Mr. Perry does not argue that the internet search history, video, or related testimony "'resulted in an improper basis for a jury decision'" as required under Evid.R. 403(A). *Id.*

**{¶25}** Having reviewed the record, this Court cannot say that the trial court abused its discretion by admitting the internet search history (exhibit F), pornographic video (exhibit L), and Detective Kasperovich's testimony as to exhibit F. This evidence was directly relevant to the disseminating matter harmful to juveniles charge and it was limited to the period listed in the indictment. Further, the trial court's decision that the video was sufficiently similar to C.R.'s testimony to be admissible was not an abuse of discretion. Accordingly, Mr. Perry's first assignment of error is overruled.

<u>**ASSIGNMENT OF ERROR II:**</u>

**APPELLANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL[.]**

**{¶26}** Mr. Perry argues in his second assignment of error that he was prejudiced by ineffective assistance of trial counsel. We disagree.

**{¶27}** "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To prevail on a claim of ineffective assistance of counsel, Mr. Perry must establish (1) his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "A deficient performance is one that falls below an objective standard of reasonable representation." *State v. Hemingway*, 9th Dist. Lorain No. 22CA011852, 2023-Ohio-1075, ¶ 20, citing *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraph two of the syllabus.

**{¶28}** "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000), citing *Strickland*

at 697. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689

{¶29} Mr. Perry argues that trial counsel was deficient for his failure to object every time to State's exhibit L, the pornographic video. The record reflects that trial counsel objected four out of five times to exhibit L, three times before testimony and one time when the State moved to admit exhibit L. The only time trial counsel did not object was in front of the jury as Detective Kasperovich was about to testify to this exhibit.

{¶30} Upon review of the record, this Court finds that Mr. Perry has failed to meet the first prong of the test set out in *Strickland*, 466 U.S. at 687 because he has not demonstrated that counsel's performance was deficient. As this Court previously found in the first assignment of error, the trial court did not abuse its discretion in admitting the State's evidence, including the pornographic video (exhibit L). Mr. Perry's second assignment of error is, accordingly, overruled.

III.

{¶31} For the reasons stated above, Mr. Perry's first and second assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT


HENSAL, J.
SUTTON, J.
CONCUR.


APPEARANCES:

JOHN F. CORRIGAN, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and MARK ANTHONY KOZA, Assistant Prosecuting Attorney, for Appellee.